NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30533
26-AUG-2011
08:08 AM

NO. 30533

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DOUGLAS MILLER, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CR. NO. 07-1-0309(4))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Douglas Miller (Miller) appeals from the judgment filed on May 4, 2010, in the Family Court of the Second Circuit (circuit court).[1]  After a resentencing hearing, the circuit court sentenced Miller to one year of probation, subject to several conditions, including a two-day jail term and payment of restitution in an amount to be determined by his probation officer.

On appeal, Miller argues that the circuit court (1) plainly, reversibly erred by denying his motion for Deferred Acceptance of No Contest (DANC) plea (DANC motion) without providing him with notice of or an opportunity to deny, explain, or rebut the information the court relied on; and (2) abused its discretion in denying his DANC motion by setting the Hawaii Revised Statutes (HRS) Chapter 853[2] "deferral bar so high that it effectively precluded Miller, and every other defendant appearing before the court, from obtaining a DANC plea."

---

[1]    The Honorable Shackley F. Raffetto presided.

[2]    HRS Chapter 853 concerns DANC pleas.

After a careful review of the record, the arguments made by the parties and the relevant legal authority, we conclude Miller's points are without merit. The circuit court did not abuse its discretion in denying Miller's DANC motion. State v. Klie, 116 Hawai'i 519, 521-22, 174 P.3d 358, 360-61 (2007). The circuit court based its decision on the facts of the case as reflected in the record and Miller had ample opportunity, in his memorandum in support of his DANC motion and argument prior to the circuit court's ruling, to carry his burden of persuasion on the DANC motion. See State v. Cucinotta, 502 A.2d 89, 92 (N.J. Super. Ct. Law Div. 1984) (burden on defendant to present information for pretrial intervention program); State v. Dendurent, 669 P.2d 361, 363 (Or. Ct. App. 1983) (defendant has burden of proving that he or she was not disqualified from diversion program); Commonwealth v. Sohnleitner, 884 A.2d 307, 314 (Pa. Super. Ct. 2005) (burden on defendant to show prosecutor's denial of admission to diversion program was for prohibited reasons); State v. Oakes, 269 S.W.3d 574, 577 (Tenn. Crim. App. 2006) (defendant has the burden to demonstrate his or her eligibility and suitability for pretrial diversion); Rawson v. State, 900 P.2d 1136, 1139 (Wyo. 1995) (defendant has burden of showing eligibility for first-time-offender probation statute).

Therefore, the May 4, 2010 judgment of the Family Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 26, 2011.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2